## BONNIE-B CO., Inc., v. GIGUET et al.

(District Court, S. D. New York. November 6, 1919.)

1. **Patents ⊚⊃328—1,293,221, for veil with elastic cord, held not to disclose invention.**

   The Silverberg patent, No. 1,293,221, for a veil with elastic cord around the outer edge, to be used as a covering both for the face and hair, or hat, which was merely a change of use of a hair net well known to the trade, is invalid for want of invention.

2. **Patents ⊚⊃328—1,293,221, for veil with elastic cord, invalid by reason of prior use.**

   Evidence establishing the three instances of prior use relied on by defendant beyond a reasonable doubt *held* sufficient to show the invalidity of the Silverberg patent, No. 1,293,221, for a veil adapted for use as a face and head covering, even if that patent were not void for want of invention.

3. **Patents ⊚⊃35—Commercial utility alone does not establish invention in article of wear.**

   Commercial utility is available only when there is doubt as to the patentability of an article, and cannot alone establish patentability, especially when the subject-matter of the patent is an article of wear.

In Equity. Suit by the Bonnie-B Company, Incorporated, against Julien Giguet and another, for infringement of a patent. On final hearing. Decree ordered dismissing the bill.

Decree affirmed 269 Fed. 1021. See, also, 269 Fed. 272.

Steuart & Perry, of New York City, for plaintiff.

Donald Campbell, of New York City, for defendants.

MAYER, District Judge. This controversy could be briefly disposed of, so far as its merits are concerned, were it not for the fact that, the litigation having been so earnestly contested, it seems proper to state the reasons leading to the conclusions of the court; besides, the veil under consideration has had a large commercial success, and the result of this suit is evidently of some financial importance to the parties.

"My invention," the patentee states, "relates to a veil adapted to be used by women to cover the face, or face and front hair, or face and hat, as the purpose of use may require." There is but a single claim, which reads as follows:

"A veil for the purposes described, comprising a piece of open mesh fabric of size to cover the face and head of the wearer, provided around its entire outer edge with an elastic cord secured thereto, whereby said veil is retained in proper position in use, solely by said elastic cord."

The patentee contends that he has taken an article old in the art and adapted it to a new use, which necessarily was so unusual as to amount to invention.

[1] Plaintiff was an importer of elastic edge hair nets, which were imported as nets, and frequently in envelopes designating them as hair nets. These articles, prior to his alleged invention, were, accord-

ing to his contention, used solely as nets for women's hair. Plaintiff asserts that he conceived the idea of utilizing them both as a hair net and a veil, and that this was possible by reason of the elastic cord round the entire outer edge, whereby the veil was retained in position in such manner as to act successfully as a veil.

The evidence shows that there was no change whatever in the structure of the article, and that on the question of invention plaintiff must succeed or fail on the doctrine of the new use.

Hair nets and veils apparently have long been sold from the same counters in the notion departments of stores which, among other things, deal in women's wear. Nowhere in the patent law does there seem to be a case where there was a new use in the same art without the slightest change of structure.

It seems unnecessary to set forth in any elaborate way the reasons why the patent fails to disclose invention, even if Silverberg did all he claims to have done, and even if this was a case of first impression.

It has often been pointed out that there is no accurate definition for invention, and that what is or is not invention largely depends upon the eyes and mind of the court having the subject-matter under consideration, and, of course, taking into account the prior art. Even if Silverberg applied an elastic to a hair net or veil material, and then put the structure to use in the manner claimed by his patent, it is difficult to see how such a procedure would amount to invention. The art does not leave much room for invention, as is shown by Schirmer, No. 316,575, Garst, No. 336,712, and Miller, No. 1,028,826.

[2] The case might be disposed of by holding that there was no invention; but, even if the court by such a decision would err, the testimony as to prior use is convincing beyond a reasonable doubt.

Mr. Viret impressed me as a thoroughly truthful man, and his testimony was buttressed by about as complete a series of facts and production of papers and documents as are found in a prior use defense.

We may pass by the Giguet prior use of 1914, and there still remain other uses concerning which there seems to be no question. I think the Carson, Pirie, Scott & Co. use is well proved, as are the so-called Giguet uses. However, if, in the mind of the most critical person, there remained any doubt as to these uses, there nevertheless could not be any doubt as to the sales to the Woolworth Company in March and April of 1916, and the sale by the Woolworth Company to the public. Each step of these transactions was proved by credible witnesses. There is no occasion to doubt the testimony of Viret, of defendant company, and of Faunce, of the Woolworth Company. The testimony of Miss Smith, Miss Horton, and Miss Armstrong was clear and convincing, and the accurate business and recording methods of the Woolworth Company made it possible to produce corroborating documentary proof. While the Woolworth Company is a party defendant, the testimony of the women above referred to was that of really disinterested witnesses.

In brief, the defendant has fully established all its prior use defenses to my satisfaction—a very strong position when one would have been enough.

[3] There is no necessity of reviewing the testimony of the witnesses in detail. It is very simply and clearly exposed in the record. From any point of view, therefore, the conclusion is irresistible that the patent is void, both inherently for lack of invention, and because of the proved prior public use. Indeed, from my point of view, there is nothing in the case, except the argument which flows from large commercial utility. Of course, it is fundamental that commercial utility is available only when a doubt as to patentability arises, but, in any event, as I have had occasion to point out heretofore, commercial success must be approached with caution when the subject-matter is an article of wear. Epstein v. Dryfoos (D. C.) 229 Fed. 756.

Defendant may have a decree dismissing the bill, with costs.